LJW:USAO # 201300282

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. GLR-14-0280 |
| v. | (Securities Fraud, 18 U.S.C. § 1348; Forfeiture) |
| **JAGVEER SINGH,** | |
| Defendant. | |

## INDICTMENT

### COUNT ONE
(Securities Fraud)

The Grand Jury for the District of Maryland charges:

1. At all times relevant to this Indictment, Defendant **JAGVEER SINGH**, was an investment advisor and resided in Clarksville, Maryland. As an investment advisor, **SINGH** provided investment advice and services to clients in Maryland through two companies he owned, A&S Financial Services, Inc, (hereafter "A&S") and, later, Synergia Capital Management, LLC. (hereafter "Synergia"). A&S was a Maryland corporation formed in 2003 and dissolved in 2009 by **SINGH**. A&S provided financial planning, investment advice and tax services to affluent investors and small businesses. Synergia is a Maryland corporation, formed by **SINGH** in 2009, to provide consulting and advisory services in the areas of financial planning, investment advice and business development and management. A&S's offices and Synergia's offices were located at 5805 Silent Sun Place, Clarksville, Maryland.

2.  **SINGH** has a Ph.D. in molecular biology, a Master in Business Administration (MBA) degree from The Johns Hopkins University, and worked as a licensed stockbroker at Merrill Lynch from 2000 to 2002.

3.  In 2002, R.G. became a client of **SINGH's**. R.G. resided in Highland, Maryland. **SINGH** managed a brokerage account for R.G. at Scottrade, Inc. ending with 9670. Scottrade is an on-line brokerage firm that executes purchases and sales of securities of issuers with classes of securities registered under the Securities Exchange Act of 1934 on behalf of clients. **SINGH** had trading authority for R.G.'s brokerage account.

4.  Scottrade prepared monthly statements for R.G.'s account that were sent to **SINGH**.

## The Scheme to Defraud

5.  Beginning in or about January 2008 and continuing until in or about June 2010, **SINGH** knowingly executed and attempted to execute a scheme and artifice to defraud R.G. in order to earn and to continue to earn commissions in connection with R.G.'s investment account at Scottrade.

6.  It was part of the scheme and artifice to defraud that **SINGH** altered monthly statements that he received from Scottrade for R.G.'s investment account, before providing those statements to R.G., in order to conceal from R.G. losses that occurred in the account and to maintain R.G. as a client. Specifically, **SINGH** increased the market value shown on the Scottrade statement for numerous securities on each monthly statement. In all, **SINGH** altered more than 24 monthly statements to hide between $224,747.34 and $53,186.76 in losses in any given month. In addition, during the time when **SINGH** was altering R.G.'s monthly statement, the account suffered a total loss of about $310,310.70.

7.  It was further part of the scheme and artifice to defraud that **SINGH** obtained $14,382.52 in commissions from R.G during the 24 months when he was altering R.G.'s monthly statements.

## The Charge

8.  Beginning in or about January 2008 and continuing until in or about June 2010, in the District of Maryland, the defendant,

**JAGVEER SINGH**

did knowingly and intentionally execute, and attempt to execute, a scheme and artifice to defraud R.G. in connection with securities of issuers with classes of securities registered under the Securities Exchange Act of 1934 and to obtain, by means of materially false and fraudulent pretenses, representations and promises, and by statements containing material omissions, money and property in connection with the purchase and sale of securities of issuers with classes of securities that were registered under Section 12 of the Securities Exchange Act of 1934.

18 U.S.C. § 1348

## FORFEITURE ALLEGATIONS

The Grand Jury for the District of Maryland further charges that:

1. Pursuant to Fed. R. Crim. P.32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), in the event of the defendants' conviction under Count One of this Indictment.

2. As a result of the offenses set forth in Count One, the defendant,

## JAGVEER SINGH

shall forfeit to the United States all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of that offense, and all property traceable to such property, including but not limited to $324,693.22 and all interest and proceeds traceable thereto.

3. If any of the $324,693.22 described above as being subject to forfeiture, as a result of any act or omission of the defendant,

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third person;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be subdivided without difficulty;

4

it is the intent of the United States, pursuant to Title 21, United States Code Section 853(p) to seek forfeiture of any other property of the defendant up to the value of the property charged with forfeiture above.

28 U.S.C. § 2461(c);
18 U.S.C. § 981(a)(1)(c);
18 U.S.C. § 1956(c)(7); and
18 U.S.C. § 1961(1).

_____
ROD J. ROSENSTEIN
UNITED STATES ATTORNEY

A TRUE BILL:

SIGNATURE REDACTED
FOREPERSON

6/10/14
DATE

5